IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KYLA PLASTER,                             ) | |
| ) | Case No. CV-07-226-S-LMB |
| Plaintiff,                ) | |
| ) | **CASE MANAGEMENT** |
| v.                                                  ) | **ORDER** |
| ) | |
| SYNGENTA SEEDS, INC., *et al.*,     ) | |
| ) | |
| Defendants.            ) | |
| _____ ) | |

Having reviewed and considered the parties' Stipulated Proposed Litigation Plan (Docket No. 15), the Court deems it appropriate to adopt the deadlines set forth therein.

NOW THEREFORE IT IS HEREBY ORDERED that the Court will adopt the deadlines set forth in the parties' Stipulated Litigation Plan, and the following recitation of deadlines and procedures shall govern this litigation.

1. <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **September 28, 2007**. This deadline shall only be extended for good cause shown.[1] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might

---

[1] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed.R.Civ.P. 15(a) but instead, by the more restrictive provisions of Fed.R.Civ.P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**Case Management Order – 1**

relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

2.  Alternative Dispute Resolution:

    Pursuant to the Litigation Plan, the parties have agreed to participate in mediation. Therefore, this matter is referred to Denise Asper, the ADR Coordinator, for the purpose of assisting the parties in the selection of a mediator. The parties shall be responsible for contacting Denise Asper at 208-334-9067 regarding selection of a mediator and scheduling of this matter. The mediation shall be held by **November 20, 2007**. In the event the parties wish to participate in a judicially supervised settlement conference rather than mediation, they shall advise the Court by **September 20, 2007.**

3.  Disclosure of Experts:

    a.  The Plaintiff shall disclose the experts intended to be called at trial on or before **February 8, 2008**.

    b.  The Defendant shall disclose the experts intended to be called at trial on or before **March 7, 2008**.

    c.  All rebuttal experts shall be identified on or before **March 21, 2008**.

4.  Rules Governing Disclosure of Expert Witnesses: Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be

allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition.  This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

5. <u>Completion of Discovery</u>:   All discovery will be completed by **April 11, 2008**.  This is a deadline for the <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after the Court has ruled on any dispositive issues.

6. <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by **May 2, 2008**.  This is the critical event for case management and will dictate when the trial will be set.  As set forth below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions.   To facilitate a prompt trial setting, the Court will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument.

7. <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel shall contact the Court's staff within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephone scheduling conference in which the trial and pretrial conference shall be set.  If no dispositive motion is filed, Plaintiff's counsel shall immediately contact the Court's staff within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

**Case Management Order – 3**

8. If counsel has a procedural or legal question that needs to be brought to the Judge's attention, please contact chambers at (208) 334-9010.

9. With regard to any scheduling matters or calendar issues, please contact Lynette Case, Courtroom Deputy, at (208) 334-9023.

10. The telephone scheduling conference set on **July 9, 2007** is **VACATED**.



DATED:  **July 9, 2007**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**Case Management Order – 4**